UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                    Case No. 04-80370

v.

                                                   Hon. John Corbett O'Meara

D-1    ALI ABDUL KARIM FARHAT, *et al.,*

       Defendants.

_____/

## ORDER DENYING MOTIONS FOR SEPARATE TRIALS

Before the court are six motions for separate trials, filed by D-7, Abdul Halim Berro; D-13, Amira Ali Farhat; D-15, Houda Mohamad Berro; D-16, Lina Reda; D-17, Almire Ali-Sadek Berro; and D-18, Nassib Saadallah Berro. The government submitted a combined response to five of the motions on February 28, 2006, and a response to Nassib Berro's motion on March 24, 2006. The court heard oral argument on March 30, 2006, and took the matter under advisement. On April 4, 2006, the government submitted a revised notice of its election to proceed with three separate trials of the eighteen defendants in this case. D-7, Abdul Halim Berro, submitted objections to the government's proposed trial groups; D-15, Houda Mohamad Berro, and D-18, Nassib Saadallah Berro, joined in those objections.

All of the defendants who seek separate trials (except Houda Berro) assert that they were improperly joined with the other defendants and that severance is required. All these defendants also argue that discretionary severance is appropriate under Fed. R. Crim. P. 14.

Rule 8(b) of the Federal Rules of Criminal Procedure permits the government to charge two or more defendants in an indictment "if they are alleged to have participated in the same act

or transaction, or in the same series of acts or transactions constituting an offense or offenses."

For the purposes of joinder under Rule 8(b), "a group of acts or transactions constitute a 'series' if they are logically interrelated." United States v. Johnson, 763 F.2d 773, 776 (6th Cir. 1985). "A group of acts or transactions is logically interrelated, for instance, if the acts or transactions are part of a common scheme or plan." Id.

     Defendants argue that the offenses with which they have been charged are unrelated to those of the other defendants and that, therefore, they have been improperly joined.  The government contends that all of the counts in the indictment relate to and flow from the core scheme set forth in the introduction to the indictment and in Count 1, which charges a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962. According to the government, "the connecting link between all of the defendants is their participation in this overarching scheme to defraud creditors, mortgage lenders and bankruptcy trustees" through and with the members of the RICO enterprise.

     For example, D-7, Abdul Halim Berro, is charged with bank fraud and bankruptcy fraud. The government alleges that he used credit cards at D-2, Abdulamir Berro's business, BDI, knowing no payment would be made for his transactions.  Abdul Halim Berro allegedly charged thousands of dollars at BDI and other establishments and submitted insufficient funds checks to the credit card companies.  The government alleges that to evade collection and defraud creditors, Abdul Halim Berro declared bankruptcy to discharge approximately $325,000 in credit card debt.  Further, Abdul Halim Berro allegedly obtained a home in the name of D-15, Houda Mohamad Berro (who misrepresented her income and employment on a mortgage application) to conceal his assets.  Thus, Abdul Halim Berro has been charged with crimes related to the overall

scheme of defrauding banks, credit card companies, and mortgage lenders by using charge cards at BDI and Sigma, failing to pay the charges, declaring bankruptcy, and concealing assets.

The government has lodged similar charges against D-18, Nassib Saadallah Berro – that he racked up thousands of dollars in credit card debt without intention of paying and then declared bankruptcy to avoid his creditors.  The government alleges that Berro was assisted by D-1, Ali Farhat; D-2, Abdulamir Berro; and D-12, Sadek Berro; who are charged in the RICO conspiracy count.

The remaining Defendants who seek severance (D-13, Amira Ali Farhat; D-15, Houda Mohamad Berro; D-16, Lina Reda; and D-17, Almire Ali-Sadek Berro) are wives or adult children of other defendants.  These Defendants are charged with assisting other defendants in concealing their assets.  The concealment of assets, according to the government, was essential to Defendants' scheme to defraud creditors.

The court concludes that Defendants are properly joined because the transactions alleged are "part of a common scheme or plan." Johnson, 763 F.2d at 776.  The RICO conspiracy serves as the link to all the other counts in the indictment.  "[W]here, as here, a single RICO count embrace[s] all of the acts and transactions upon which the other . . . counts [are] based," joinder under Rule 8(b) is proper. United States v. Boylan, 898 F.2d 230, 245 (1st Cir.), cert. denied, 498 U.S. 849 (1990). See also United States v. Qaoud, 777 F.2d 1105, 1118 (6th Cir. 1985), cert. denied, 475 U.S. 1098 (1986) (joinder of false declaration charge with RICO conspiracy charge appropriate because declaration pertained to RICO conspiracy and its concealment and much of the evidence applied to both charges); United States v. Bibby, 752 F.2d 1116, 1120 (6th Cir. 1985) (defendants charged with tax violations based on failure to report income from illegal

activities properly joined with defendants charged with fraud because concealment of illicit profits is "an integral part of assuring the success of the illegal activity").

Defendants also seek severance pursuant to Rule 14, which provides:

> If the joinder of offenses and defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14. The United States Supreme Court has advised that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," and that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro v. United States, 506 U.S. 534, 539 (1993). The Sixth Circuit adheres to a "strong policy in favor of joint trials when charges will be proved by the same series of acts." United States v. Tocco, 200 F.3d 401, 414 n.5 (6th Cir. 2002), cert. denied, 539 U.S. 926 (2003). "When a defendant seeks a severance, he has a heavy burden of showing specific and compelling prejudice, and the denial of a motion to sever will be overruled on appeal only for a clear abuse of discretion." United States v. Harris, 9 F.3d 493, 500 (6th Cir. 1993).

In support of their request for severance, Defendants generally argue that the large number of defendants (all with similar Arab names), numerous counts, and their relatively minimal participation in the scheme will confuse the jury. Defendants contend that the greater amount of evidence against the other Defendants will "spillover" and prejudice them. These arguments have been rejected by the Sixth Circuit. "A defendant is not entitled to severance

simply because the proof is greater against a co-defendant." Id.  Further, a "jury will be presumed capable of sorting out the evidence applicable to each defendant and rendering its verdict accordingly." United States v. Elder, 90 F.3d 1110, 1120 (6th Cir.), cert. denied, 519 U.S. 1016 (1996) (denial of severance affirmed with respect to four-week trial involving thirteen defendants and 100 witnesses).  See also Tocco, 200 F.3d at 413 (rejecting "spillover" argument and affirming this court's denial of severance).

The court concludes that Defendants have not shown that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.  Accordingly, the court will deny Defendants' motions for separate trials.

The government has proposed to try Defendants in three groups.  The first group consists of D-1, Ali Abdul Karim Farhat; D-3, Hassan Abdul Karim Farhat; D-4, Akram Abdul Karim Berro; D-5, Jamal Saadallah Berro; D-13, Amira Ali Farhat; and D-14, Abdul Karim Akram Berro.  The second group consists of D-2, Abdulamir Berro; D-7, Abdul Halim Berro; D-15, Houda Mohamad Berro; D-18, Nassib Saadallah Berro; and D-19, Salwa Nassib Berro.  The third group consists of D-8, Bilal El-Sablani; D-9, Noura Berro; D-10, Sami Ahmad Berro; D-11, Zeinab Berro; D-12, Sadek Berro; D-16, Lina Reda; and D-17, Almire Ali-Sadek Berro.

The court accepts the government's proposed trial groups and will schedule this matter for trial accordingly.

IT IS HEREBY ORDERED that D-13, Amira Ali Farhat's motion to sever [docket #380] is DENIED.

IT IS FURTHER ORDERED that D-17, Almire Ali-Sadek Berro's motion to sever

[docket # 368] is DENIED.

IT IS FURTHER ORDERED that D-15, Houda Mohamad Berro's motion for separate trial [docket # 372] is DENIED.

IT IS FURTHER ORDERED that D-7, Abdul Halim Berro's motion to sever [docket #367] is DENIED.

IT IS FURTHER ORDERED that D-16, Lina Reda's motion to sever [docket # 382] is DENIED.

IT IS FURTHER ORDERED that D-18, Nassib Saadallah Berro's motion for severance [docket # 422] is DENIED.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  April 25, 2006